FILED
2012 Jun-13  AM 09:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **DARREN BATES**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **4:11-CV-2183-KOB** |
| | ) | |
| **THE STATE OF ALABAMA, _et al._,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant City of Boaz's Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 29); Defendant City of Fort Payne's Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 32); and Defendants Cherokee County, Dekalb County, and Marshall Counties' Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 34). The Plaintiff filed a single response to these motions (doc. 38), to which only Defendant City of Boaz replied within the time allowed (doc. 39). The court has considered the parties' submissions, and finds that Plaintiff has failed to state a claim because the Fifth Amendment applies only to the federal government, and not to municipal governments. Accordingly, all Defendants' motions to dismiss are due to be GRANTED.

## PROCEDURAL HISTORY

Plaintiff Darren Bates filed his original Complaint against numerous state and municipal entities, an assistant district attorney, and fictitious defendants, (doc. 1) alleging claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, to which the assistant district attorney and State of Alabama filed a joint motion to dismiss (doc. 3), and

multiple Defendants filed a joint motion to dismiss (doc. 7). The assistant district attorney and State of Alabama's joint motion to dismiss advised Plaintiff, among other things, that the Fifth Amendment only applies to federal actors. *See* Def. State of Alabama & Scott Lloyd's Br. Mot. Dismiss at 10–11 (doc. 3). In response to Defendants' joint motion to dismiss, Plaintiff filed an Amended Complaint, abandoning his claims under the Fifth, Sixth, and Eighth Amendments and asserting claims exclusively under the Fourteenth Amendment (doc. 17). Only Defendant City of Boaz moved to dismiss the Amended Complaint.

On March 9, 2012, the court held a hearing on Defendant City of Boaz's Motion to Dismiss the Amended Complaint, where the court explained that Plaintiff failed to state a procedural Due Process claim under the Fourteenth Amendment against any Defendants. At the hearing, Plaintiff's counsel acknowledged the deficiencies in the Amended Complaint and requested leave to file a Second Amended Complaint. The court granted his request, and on March 15, 2012, entered an order (doc. 27) dismissing the Amended Complaint without prejudice and giving Plaintiff fourteen days to amend his complaint.

Plaintiff timely filed the pending Second Amended Complaint, naming the City of Fort Payne, AL; the City of Boaz, AL; Cherokee County, AL; Dekalb County, AL; and Marshall County, AL as Defendants (doc. 28). In his Second Amended Complaint, Plaintiff alleges that several government entities seized his personal property, which he describes as "exotic blends of potpourri and incense." Pl.'s 2d Amend. Compl. ¶¶ 5, 7. Plaintiff alleges that "[b]etween November 15, 2010, and July 6, 2011, [his] civil rights guaranteed by the Fifth Amendment to the Constitution of the United States were violated repeatedly by the Defendants." Pl.'s 2d Amend. Compl. ¶ 6. Specifically, each count of the complaint alleges that a municipal Defendant

seized his property in violation of his "due process life and liberty right to operate his business and trade free from unreasonable government interference" as guaranteed by the Fifth Amendment. Pl.'s 2d Amend. Compl. ¶¶ 10-11, 23-24, 36-37, 49-50, 62-63. According to Plaintiff, the municipal Defendants had a duty "to ensure that [they] do[] not violate the Fifth Amendment to the Constitution of the United States when interacting with citizens" and the Defendants breached this duty "by failing to adequately supervise, train, or monitor [their] agents regarding the Fifth Amendment . . . ." Pl.'s 2d Amend. Compl. ¶¶ 15-16, 28-29, 41-42, 54-55, 67-68.

Plaintiff alleged no other constitutional or federal statutory violations in his Second Amended Complaint. Defendants move to dismiss Plaintiff's claims against them under Rule 12(b)(6), asserting that he has failed to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1948. The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of *well-pleaded factual* allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949-50. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1150. If the court determines that well-

3

pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed.

*Id.*

**DISCUSSION**

Defendants correctly assert that the Due Process Clause of the Fifth Amendment does not bind the state or local governments, but instead applies only to the federal government. *See Riley v. Camp*, 130 F.3d 958, n.19 (11th Cir. 1997); *Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law."). Therefore, if a plaintiff alleges claims under the Fifth Amendment, but names no federal actor, his claims are due to be dismissed. *See Love v. Davis*, 14 F. Supp. 2d 1273, 1276, n.1 (N.D. Ala. 1998) ("[A]s neither the United States nor any of its agents is a defendant in this action, any and all of [the plaintiff's] claims brought pursuant to the Fifth Amendment are due to be dismissed.").

In this case, Plaintiff alleges in his Second Amended Complaint that Defendants "breached [their] duty of care by failing to supervise and train [their] agents on the proper legal process required by the Fifth Amendment to the Constitution of the United States." *See* Pl.'s 2d Amend. Compl. ¶¶ 16, 29, 42, 55, 68. Because all Defendants are municipal governmental entities, however, the Fifth Amendment does not apply to them. Therefore, Plaintiff's allegations that Defendants violated his Fifth Amendment due process rights fail as a matter of law.

**CONCLUSION**

In his Second Amended Complaint, Plaintiff alleges claims against multiple defendants exclusively under the Fifth Amendment. Because these claims fail as a matter of law against the

4

municipal defendants, the court GRANTS the Defendants' motions to dismiss.  Moreover,

because the municipal Defendants were the only defendants named in the complaint, because one

of the motions to dismiss the original complaint informed Plaintiff that the Fifth Amendment did

not apply to state and municipal actors, and because the court has already given Plaintiff two

opportunities to amend his complaint, the court DISMISSES this case WITH PREJUDICE. The

court will simultaneously enter an order to this effect.

      DONE and ORDERED this 13th day of June, 2012.

                KARON OWEN BOWDRE
                UNITED STATES DISTRICT JUDGE